IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| **BENNINGTON FOODS, LLC, d/b/a BENNINGTON GROUP,** | |
| Plaintiff, | 2006-CV-0154 |
| v. | |
| **ST. CROIX RENAISSANCE GROUP, LLLP,** a U.S. Virgin Islands corporation, | |
| Defendant. | |

TO:   Lee J. Rohn, Esq.
      Joel H. Holt, Esq.

### ORDER DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

THIS MATTER came before the Court for consideration upon Plaintiff's Motion For Leave to File Second Amended Complaint (Docket No. 139). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Plaintiff seeks to amend its complaint to add claims for trespass to chattel and conversion. Defendant objects to the proposed amendments as untimely, prejudicial, and futile.

**DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." As the United States Supreme Court has declared:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by

*Bennington Foods, LLC. v. St. Croix Renaissance Group, LLLP*
2006-CV-0154
Order
Page 2

>       amendments previously allowed, undue prejudice to the other party by virtue of
>       allowance of the amendment, futility of amendment, etc.--the leave sought should,
>       as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). It must be remembered that "[t]hough leave to amend a complaint should be freely granted in the interests of justice, . . . a motion to amend is committed to the sound discretion of the district judge." *Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990) (citations omitted).

Defendant argues that the amendments should not be allowed because they are untimely, prejudicial, made in bad faith, and futile. "The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants." *Adams v. Gould Inc*., 739 F.2d 858, 868 (3d Cir. 1984), *cert. denied*, 469 U.S. 1122 (1985).

**Delay**

Rule 15 does not establish a time restriction for amending a complaint, and motions to amend have been allowed at different stages of litigation. *Id*. at § 1488. The rationale behind the policy is that "the need to amend may not appear until after discovery has been completed or testimony has been taken at trial." *Id*. While the mere passage of time by itself may be insufficient to deny a motion to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams,* 739 F.2d at 868 (citations omitted). Additionally, courts should consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts

*Bennington Foods, LLC. v. St. Croix Renaissance Group, LLLP*
2006-CV-0154
Order
Page 3

or new theories." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (citations omitted).

The initial complaint in this case was filed on November 27, 2006, containing claims for breach of contract, fraud, negligent misrepresentation, and tortious interference with contractual relationship. Plaintiff moved to amend the complaint to add claims for specific performance, reformation, and replevin (*see* Docket Nos. 36 and 43). The Court granted the motion to amend by Order (Docket No. 48), entered March 30, 2007. Now, almost a year and half after the first amendment and after discovery has closed, Plaintiff seeks to amend to add new claims. Plaintiff does not allege any new facts that were not known at the time of the filing of the original complaint in support of its proposed amendments. In addition, Plaintiff does not explain why the proposed amendments could not have been made earlier or when the complaint was first amended.

As noted hereinabove, although the passage of time, in and of itself, is not enough to defeat a motion to amend, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Adams*, 739 F.3d at 868 (citations omitted). When determining whether delay is undue, the Court considers the reasons of the movant for not seeking the amendment earlier; and, when determining whether the delay is prejudicial, the Court considers the effects of amendment upon the non-moving party. *Id*.

Plaintiff supports its motion by stating that it "has recently determined that Defendant SCRG is liable to Plaintiff based upon two additional legal theories: conversion, [sic] and trespass to

*Bennington Foods, LLC. v. St. Croix Renaissance Group, LLLP*
2006-CV-0154
Order
Page 4

chattel. . . . Under the circumstances pertinent to this cause, the additional counts for conversion and trespass to chattel . . . are necessary to enable Plaintiff Bennington Group to procure appropriate relief . . . ." While Plaintiff fails to explain why this determination has been made only recently, even in the event that Plaintiff's delay may be justified, the Court notes that discovery in this matter is closed. Allowing Plaintiff to amend now would force Defendant to engage in further discovery and expend additional resources.

In addition, the timing of Plaintiff's motion, filed less than a month after the United States Court of Appeals for the Third Circuit vacated the preliminary injunction against Defendant, weighs against Plaintiff. Plaintiff states that one of the remedies sought by these additional claims is the "remedy of constructive trust-which is the only remedy capable of making it whole again." Motion at 4. However, such statement is in direct contradiction of the Third Circuit's finding/holding. As the Third Circuit court stated,

> [T]here is nothing in this case to distinguish it from a myriad of other breach of contract cases. . . . Any damage Bennington may suffer as a result of SCRG's alleged breach of contract – to the extent it is not speculative – can be proven as an element of the breach of contract claim against SCRG.

*Bennington Foods[,] LLC v. St. Croix Renaissance, [sic] Group, LLP [sic]*, 528 F.3d 176, 180 (3d Cir. 2008). Thus, the Court finds that Plaintiff's motion is motivated by an attempt to circumvent the dissolution of the temporary restraining order and, thus, was made in bad faith.

Because the Court finds that Plaintiff's motion was made in bad faith and that granting Plaintiff's motion would be prejudicial and, the Court does not reach the issue of futility.

*Bennington Foods, LLC. v. St. Croix Renaissance Group, LLLP*
2006-CV-0154
Order
Page 5

WHEREFORE, it is now hereby **ORDERED** that Plaintiff's Motion For Leave to File Second Amended Complaint (Docket No. 139) is **DENIED**.

ENTER:

DATED: October 9, 2008                          /s/
                                     GEORGE W. CANNON, JR.
                                     U.S. MAGISTRATE JUDGE