IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | |
|---|---|
| **BENNINGTON FOODS, LLC, d/b/a BENNINGTON GROUP,** | |
| Plaintiff, | 2006-CV-0154 |
| v. | |
| **ST. CROIX RENAISSANCE GROUP, LLLP,** a U.S. Virgin Islands corporation, | |
| Defendant. | |

TO:   Lee J. Rohn, Esq.
      Joel H. Holt, Esq.

### ORDER REGARDING DEFENDANT'S REQUEST FOR RULING

THIS MATTER came before the Court for consideration upon Defendant's Request For Ruling (Docket No. 199). Defendant's request concerns the parties' Rule 37.2 Stipulation (Docket No. 93), and Defendant's Rule 37.2(c) Supplemental Memorandum (Docket No. 107).[1] A hearing was held on January 21, 2009. Kimberly L. Boldt, Esq., appeared on behalf of Plaintiff. Joel H. Holt, Esq., represented Defendant.

As set forth in the stipulation and supplemental memorandum, the discovery dispute centers around Defendant's request for production of Plaintiff's tax returns. Plaintiff declares that it has been in existence since 2003, but that after review, there are no returns for the years 2003 and 2004.

---

1. Originally, Defendant filed a Motion to Compel (Docket No. 85). Pursuant to the representation in the parties' Rule 37.2 Stipulation (Docket No. 93) that the said motion to compel was moot and was being replaced by the stipulation, the Court entered an Order (Docket No. 133) finding the motion to compel moot.

*Bennington Foods, LLC. v. St. Croix Renaissance Group, LLLLP and Montrose Global Assets, Inc.*
2006-CV-0154
Order Regarding Defendant's Request For Ruling
Page 2

At hearing, counsel for Plaintiff acknowledged that tax returns existed for 2005 and 2006, but maintained that such returns are irrelevant and should not be required to be produced.

While it is true that tax returns are confidential in nature, "[i]t is widely recognized . . . that in appropriate circumstances tax returns are the proper subject of a discovery inquiry, and that there is no privilege against disclosure." *Caruso v. The Coleman Company*, 1995 U.S. Dist. LEXIS 6638 at *2 (citations omitted). The standard for determining whether a tax return is discoverable includes: "first, whether the returns are relevant to the subject matter of the litigation, and second, whether there is a compelling need for the returns because the information contained in the returns is not otherwise readily obtainable." *Id.* at *3 (citations omitted).

Having reviewed the submissions of the parties and heard the arguments of counsel, the Court finds that the tax returns are relevant and the information cannot readily be obtained from alternative sources. Despite Plaintiff's assertion that it is not claiming lost profits, it specifically allege lost profits in paragraph 54 of its First Amended Complaint. Consequently, the Court will order Plaintiff to produce the tax returns.

WHEREFORE, it is now hereby **ORDERED**:

1. Defendant's Request For Ruling (Docket No. 199) is **GRANTED**.

2. Plaintiff shall serve upon counsel for Defendant, **within ten (10) days from the date of entry of this order**, copies of its tax returns for the years 2005 and 2006.

*Bennington Foods, LLC. v.  St. Croix Renaissance Group, LLLLP and Montrose Global Assets, Inc.*
2006-CV-0154
Order Regarding Defendant's Request For Ruling
Page 3

                                                                    ENTER:

DATED: January 21, 2009                                  /s/
                                                           GEORGE W. CANNON, JR.
                                                           U.S. MAGISTRATE JUDGE