# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| **BENNINGTON FOODS, LLC, d/b/a BENNINGTON GROUP,** | |
| **Plaintiff,** | 2006-CV-0154 |
| v. | |
| **ST. CROIX RENAISSANCE GROUP, LLLP,** a U.S. Virgin Islands corporation, | |
| **Defendant.** | |

**TO:** Lee J. Rohn, Esq.
Joel H. Holt, Esq.

### ORDER DENYING DEFENDANT'S MOTION TO QUASH

THIS MATTER came before the Court for consideration upon Defendant's Motion to Quash Deposition Notice and Subpoena (Docket No. 231). Plaintiff filed Motion to Strike and Response in Opposition to said motion, despite numerous directives from the undersigned that counsel refrain from combining motions with other filings. Defendant filed a reply to the said opposition.

Defendant objects to the "proposed" notice of deposition and subpoena for GeoNet Ethanol, L.L.C. Defendant's first objection is based upon the fact that it was not properly served with such notice and subpoena. However, as Plaintiff explains in its motion/opposition, it did not serve nor file the actual notice of deposition because it was aware of Defendant's objections. Consequently, Defendant's first objection is premature.

Defendant's second objection is based upon relevancy. As Defendant is well aware, the deposition of J. Brent Baker, President of GeoNet Ethanol, L.L.C., was specifically authorized by

*Bennington Foods, LLC. v. St. Croix Renaissance Group, LLLP*
2006-CV-0154
Order Denying Defendant's Motion to Quash
Page 2

District Judge Finch in his Order (Docket No. 164) reversing the undersigned's order denying Plaintiff's motion to modify pre-trial schedule for the limited purpose of conducting depositions and requesting certain documents. The said Order allows Plaintiff to conduct the "seven specified depositions[1] and request documents and correspondences [sic] related to Renaissance's leasehold negotiations with GeoNet Ethanol, L.L.C." *Id*. at 3. Thus, Plaintiff may depose Mr. Baker and inquire regarding GeoNet's leasehold negotiations with Defendant. Upon review, the Court finds that the subjects outlined in Exhibit A of the "proposed" notice of deposition are within the scope of inquiry as identified by Judge Finch.

WHEREFORE, it is now hereby **ORDERED**:

1. Defendant's Motion to Quash Deposition Notice and Subpoena (Docket No. 231) is **DENIED**.

2. Plaintiff's Motion to Strike (Docket No. 238) is **DENIED**.

3. The deposition of J. Brent Baker may be noticed by Plaintiff for a date, time, and location acceptable to all parties.[2]

ENTER:

DATED: January 24, 2009

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE

---

1. Plaintiff identified seven (7) specific deponents in its motion to modify, and J. Brent Baker was one (1)of the seven (7).

2. Plaintiff states in footnote no. 1 of its motion/opposition that the subpoena directed to Mr. Baker has been served. The Court notes, however, that the record is void of the filing of any notice thereof.