```
            IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                      DIVISION OF ST. CROIX
```

BENNINGTON FOODS, L.L.C. d/b/a   :   CIVIL ACTION
BENNINGTON GROUP                 :
                                 :
           v.                    :
                                 :
ST. CROIX RENAISSANCE GROUP,     :
LLP, et al.                      :   NO. 06-0154

MEMORANDUM

Bartle, C.J.                                        April 13, 2009

      Now before the court are (1) the unopposed objection of plaintiff Bennington Foods, L.L.C. d/b/a Bennington Group ("Bennington") to the magistrate judge's order of October 9, 2008 denying Bennington leave to file a second amended complaint; and (2) the motion of Bennington to deem the aforementioned objection conceded.

I.

      In early 2006, defendant St. Croix Renaissance Group, LLP ("Renaissance"), owner of a defunct aluminum processing plant in St. Croix, contracted with Bennington for the demolition of the plant and the subsequent removal of several thousand tons of scrap metal. Beginning on April 2, 2006, Bennington performed some measure of pre-demolition work. On April 26, Virgin Islands regulatory authorities notified Renaissance that it had failed to acquire the appropriate permits for the demolition. Renaissance accordingly notified Bennington that it needed to cease work on the project until the permits were issued. Bennington's

contractors complied for a short time but resumed working a few weeks later.  In mid-June, Virgin Islands authorities assessed civil penalties against the parties.  For this and for other reasons, Renaissance employees evicted Bennington's contractors from the plant property on June 19, 2006.

Bennington filed its initial complaint in this action on November 22, 2006.  At that time it sought solely money damages on theories of breach of contract, fraud, negligent misrepresentation, and tortious interference with a contractual relationship.  On March 13, 2007, with leave of court, Bennington filed a first amended complaint in which it added counts for equitable relief, including specific performance, reformation, replevin, and spoliation.  Bennington then moved for a preliminary injunction permitting removal of the scrap metal that had been prepared during the pre-demolition work.  This court found that a preliminary injunction was necessary to prevent irreparable harm to Bennington's reputation.

Our Court of Appeals reversed.  It found nothing in the record to support a showing of irreparable harm.  <u>Bennington Foods, LLC v. St. Croix Renaissance Group, LLP</u>, 528 F.3d 176 (3d Cir. 2008).  The ensuing mandate was docketed in this court on July 8, 2008.  Bennington, which had substituted counsel on June 2, filed its second motion to amend on July 29, 2008, in which it seeks to add causes of action for conversion and trespass to chattel and to request a constructive trust as an equitable remedy for those claims.  The magistrate judge denied

that motion on October 9, 2008.  The case was reassigned on March 3, 2009 to Chief Judge Harvey Bartle III, sitting by designation in the District Court for the District of the Virgin Islands, Division of St. Croix.

## II.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that a court "should freely give leave [to amend a complaint] when justice so requires."  A motion to amend should be denied only where there exists evidence of "undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment ...."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  We must defer to the magistrate judge's rulings on non-dispositive motions such as motions to amend unless they are "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245 (3d Cir. 1998).

Here, the magistrate judge found that plaintiff's motion to amend "is motivated by an attempt to circumvent the dissolution of the temporary restraining order" by the Court of Appeals.  He concluded that the opinion of our Court of Appeals, in which it found that plaintiff had not shown sufficient likelihood of irreparable harm to warrant a preliminary injunction, ruled out the pursuit of other equitable remedies such as a constructive trust.  Consequently, he found that plaintiff had filed the motion in bad faith.  The magistrate

judge also found that granting plaintiff's motion to amend would result in undue delay and prejudice to defendants.

For the following reasons, we conclude that the decision of the magistrate judge was contrary to law. The Court of Appeals did not hold that plaintiff's recovery in this case was limited to monetary damages. It held only that Bennington had not submitted sufficient evidence of irreparable harm to reputation to obtain a preliminary injunction based on its breach of contract claim. The panel did not reach the question of whether other equitable relief such as a constructive trust could be imposed at or before trial on the grounds that Bennington was a victim of conversion or trespass to chattel. That inquiry requires an assessment of whether "a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it." Restatement (First) of Restitution § 160. As a result, plaintiff's filing was not made in bad faith.

We also conclude that granting plaintiff's motion to amend will not cause undue prejudice to defendant or undue delay. "The passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir. 1984). "Prejudice" can take the form of "additional

discovery, cost, and preparation to defend against new facts or new theories." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).

The proposed second amended complaint does not contain any new factual allegations. Like the amendment permitted in Foman v. Davis, plaintiff's offering here does "no more than state an alternative theory for recovery." 371 U.S. 178, 182 (1962). We acknowledge that the new causes of action will likely require Renaissance to perform additional legal research. Nonetheless, the existing scheduling order does not contemplate trial in the near future. Since no new facts are alleged in Bennington's second amended complaint, the scope of discovery need not be expanded.

Likewise, any delay here is not undue. Although this matter was never formally stayed while on appeal, the parties allowed the case to become dormant during that time. Bennington moved to amend shortly after the Third Circuit's reversal of this Court's preliminary injunction when the case resumed active litigation.

The magistrate judge did not reach the question of whether plaintiff's proposed amendments would be futile. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Even if a constructive trust were not an available remedy, both conversion and trespass to chattel may be

compensated with monetary damages.  Restatement (Second) of Torts §§ 927, 928.  Allowing Bennington to proceed on the claims at issue cannot be considered futile at this time.

### III.

For the reasons stated above, we will sustain Bennington's objection to the magistrate judge's order of October 9, 2008 denying Bennington leave to file a second amended complaint.  On that basis we will vacate the aforementioned order and grant Bennington's motion for leave to file a second amended complaint.  We will also deny as moot Bennington's motion to deem the aforementioned objection conceded.