IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

BENNINGTON FOODS, L.L.C. d/b/a  :      CIVIL ACTION
BENNINGTON GROUP                :
                                :
        v.                      :
                                :
ST. CROIX RENAISSANCE GROUP,    :
L.L.L.P.                        :      NO. 06-154


MEMORANDUM

Bartle, C.J.                                    December 9, 2009

        Plaintiff Bennington Foods, L.L.C. d/b/a Bennington
Group ("Bennington Foods LLC") brought breach of contract and
tort claims against St. Croix Renaissance Group L.L.L.P. ("SCRG")
after a dispute arose regarding the harvesting and removal of
scrap metal from a closed alumina manufacturing plant in St.
Croix.  Parties filed cross motions for summary judgment which we
granted in part and denied in part in a Memorandum and Order
dated September 8, 2009.  Now before the court is the motion of
defendant SCRG to strike the expert report of plaintiff's
economist, Frederick A. Raffa, Ph.D. ("Dr. Raffa") on the ground
that his testimony would not be relevant.

                            I.

        The underlying facts of this case are detailed in our
Summary Judgment Memorandum dated September 8, 2009.  To
summarize, SCRG sought assistance with dismantling and removing
alumina processing equipment from the closed St. Croix plant it
had purchased from Alcoa in June of 2002.  To this end, SCRG
hired a scrap metal broker, Montrose Global Assets, Inc.

("Montrose"), which in turn recommended the services of Bennington Group LLC.[1] Although a number of contractual agreements followed,[2] the only one still at issue in this case is the "Dismantling Contract" between a number of companies including SCRG, Montrose, and Bennington Group.[3] This Dismantling Contract describes the responsibilities of the signatories and sets forth specifications for the project whereby "Bennington Group [had] agreed to dismantle, purchase, and ship the resultant scrap metal of St. Croix Renaissance Group LLLP." The agreement stated that "SCRG/MGA are selling the scrap from the demolition of the tanks, piping and equipment" and provided that Montrose was responsible for "[s]ale of scrap to Bennington Group and collection of payments."

In early April, 2006, workers began pre-demolition activities at the SCRG alumina plant. However, an inspector for the Virgin Islands Department of Planning and Natural Resources

---

1. As discussed in our Memorandum dated September 8, 2009, the entity "Bennington Group, LLC" is not legally related to plaintiff Bennington Foods LLC.

2. SCRG and Montrose entered an "Agreement for the Demolition & Sale of Scrap Metal." In addition, Montrose and Bennington Group, LLC signed a "Contract for Structural, Plate, and Heavy Melting Steel Scrap" ("Scrap Metal Contract") in which Montrose agreed to sell and Bennington Group, LLC agreed to buy approximately 50,000 metric tons of "tanks, structures and steel associated with [the] former alumina factory" located in St. Croix.

3. "Bennington Group" is the registered fictitious name of Bennington Foods LLC, the plaintiff in this matter, and not of Bennington Group, LLC, the signatory of the Scrap Metal Contract.

("DPNR") issued an oral stop-work order on April 26, 2006.  Then, on June 15, 2006, the DPNR issued a written cease and desist order prohibiting any further work and requiring all workers and equipment removed from the site.

On November 22, 2006, Bennington Foods LLC filed a complaint in this court against both SCRG and Montrose.  The claims against Montrose were dismissed on January 18, 2007 at the request of plaintiff.  Bennington Foods LLC then moved for a preliminary injunction allowing it to remove the scrap metal and copper it had harvested prior to the stop-work order.  The motion was granted by this court, but our Court of Appeals vacated the order upon its determination that monetary damages were adequate. Bennington Foods LLC, d/b/a Bennington Group v. St. Croix Renaissance Group, LLP, 528 F.3d 176, 179 (3d Cir. 2008).

Bennington Foods LLC filed its Second Amended Complaint on April 20, 2009, which contained ten counts against SCRG. Parties filed cross motions for summary judgment which we granted in part and denied in part on September 8, 2009.  In that memorandum, we determined that plaintiff Bennington Foods LLC was not a party to the Scrap Metal Contract but was a party to the Dismantling Contract, which was signed by a representative of "Bennington Group," the registered fictitious name of Bennington Foods LLC.  Of the ten claims pleaded in the Second Amended Complaint, the only ones remaining after our Summary Judgment Order are the Count II claims for breach of the Dismantling

Contract and the Count IV negligent misrepresentation claims other than those which relate to tanks T-30-1 and T-30-2.

## II.

Defendant SCRG now brings a motion to strike the expert report of Dr. Raffa. That report calculates lost-profit damages allegedly suffered by Bennington Foods LLC due to its inability to obtain and resell the scrap metal it was to harvest from the St. Croix alumina plant. According to SCRG, lost-profit evidence is irrelevant in this case under Rule 402 of the Federal Rules of Evidence and does not "fit" the facts of the case as required by Rule 702 and the standard for admissibility of expert testimony as set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).[4] This argument is based on SCRG's position that

---

4. Rule 402 provides, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402. Rule 702 provides,

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. In <u>Daubert</u>, the Supreme Court determined Rule
(continued...)

the Dismantling Contract does not contemplate the purchase of scrap metal by Bennington Foods LLC. According to SCRG, only the Scrap Metal Contract provides for the purchase of scrap metal, and, as we determined in our Memorandum dated September 8, 2009, Bennington Foods LLC was not a party to the Scrap Metal Contract.[5]

In its motion, SCRG relies on a statement in our Summary Judgment Memorandum which suggested that the Dismantling Contract did not provide for the sale of scrap metal to Bennington Foods LLC. However, upon review of the Dismantling Contract it is clear that it does in fact provide for Bennington Foods LLC to purchase the scrap metal, and we will therefore amend our September 8, 2009 Summary Judgment Memorandum accordingly. The first paragraph of the Dismantling Contract defines the scope of the project. That paragraph states that "Bennington Group has agreed to dismantle, <u>purchase</u>, and ship the resultant scrap metal of St. Croix Renaissance Group LLLP located at 1 Estate Anguilla, St. Croix, U.S. Virgin Islands." (Emphasis

---

4.(...continued)
702's requirement that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue" is a requirement that the evidence be relevant. As such, the Court noted that such evidence must "fit" the facts of the case, that is, it must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." <u>Daubert</u>, 509 U.S. at 591 (quoting <u>United States v. Downing</u>, 753 F.2d 1224, 1242 (3d Cir. 1985)).

5. As noted above, the Scrap Metal Contract was an agreement between Montrose and Bennington <u>Group</u>, LLC, not Bennington <u>Foods</u> LLC.

added).[6]  Paragraph 4.2 of the agreement tasks Montrose with the "[s]ale of scrap to Bennington Group and collection of payments." (Emphasis added).  Finally, in a section entitled "Scope of Work," the agreement states that "SCRG/MGA are selling the scrap from the demolition of the tanks, piping, and equipment." (Emphasis added).  Although this provision does not specify to whom the scrap was to be sold, an earlier paragraph of the Dismantling Contract provided that Bennington Group was to "purchase ... the resultant scrap metal."

Because the Dismantling Contract provides for the purchase of scrap metal by Bennington Foods LLC, the expert report of Dr. Raffa, which calculates the damages allegedly suffered by Bennington Foods LLC due to its inability to resell that scrap metal, is relevant under both Rules 402 and 702 of the Federal Rules of Evidence.  Accordingly, we will deny the motion of defendant SCRG to strike the expert report of Dr. Raffa.

Defendant SCRG has filed additional motions challenging on various grounds the expert report and potential testimony of Dr. Raffa.  We will address those motions separately.

6. Again, "Bennington Group" is a registered fictitious name of Bennington Foods LLC.

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

BENNINGTON FOODS, L.L.C. d/b/a  :       CIVIL ACTION
BENNINGTON GROUP             :
                            :
        v.             :
                            :
ST. CROIX RENAISSANCE GROUP,  :
L.L.L.P.                 :       NO. 06-154

ORDER

AND NOW, this 9th day of December, 2009, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)  the motion (Docket No. 345) of defendant St. Croix Renaissance Group, L.L.L.P. to strike plaintiff's expert report of Dr. Raffa is DENIED without prejudice; and

(2)  the following sentence is deleted from page 6 of the Memorandum of this Court dated September 8, 2009:  "The latter contract, which was signed by SCRG and Bennington Group (not Bennington Group LLC), contains nothing regarding the sale of scrap metal."

BY THE COURT:


/s/ Harvey Bartle III
HARVEY BARTLE III    C.J.
SITTING BY DESIGNATION